1   Gary L. Popham, Jr. - AZ Bar No.: 022260
      *glp@manningllp.com*
2   Nishan J. Wilde – AZ Bar No.: 031447
      *njw@manningllp.com*
3   **MANNING & KASS**
4   **ELLROD, RAMIREZ, TRESTER, LLP**
    3636 North Central Avenue, 11th Floor
5   Phoenix, Arizona 85012
    Telephone: (602) 313-5469
6   Facsimile: (602) 313-5499

7
    David B. Rosenbaum – AZ Bar No.: 009819
8     drosenbaum@omlaw.com
    Mary R. O'Grady – AZ Bar No.: 011434
9     mogrady@omlaw.com
10  Joshua Whitaker – AZ Bar No.: 032724
      jwhitaker@omlaw.com
11  **OSBORN MALEDON, P.A.**
12  2929 North Central, 21st Floor
    Phoenix, Arizona 85012
13  Telephone: (602) 640-9000
    Facsimile: (602) 640-9040
14
15  *Attorneys for Defendants*

16              **UNITED STATES DISTRICT COURT**
                **FOR THE DISTRICT OF ARIZONA**

17  Puente, an Arizona nonprofit corporation;       Case No. 2:18-cv-02778-JJT
    Poder in Action, an Arizona nonprofit
18  corporation; Ira Yedlin; Janet Travis;          **DEFENDANTS' ANSWER TO**
    Cynthia   Guillen;   Jacinta   Gonzalez         **PLAINTIFFS' COMPLAINT**
19  Goodman, individually and as class              **AND  DEMAND FOR JURY TRIAL**
    representatives,
20
21                     Plaintiffs,
22  v.
23  City of Phoenix, a municipal corporation;
    Jeri L. Williams; Benjamin Moore;
24  Douglas McBride; Robert Scott;
    Christopher Turiano; Glenn Neville; John
25  Sticca; Lane White; Jeffrey Howell;
    George Herr, individually and in their
26  official capacities; and Does 1-20,
27
                     Defendants.
28

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

Defendants City of Phoenix, Chief Jeri L. Williams, Lt. Benjamin Moore, Sgt. Douglas McBride, Officer Robert Scott, Officer Christopher Turiano, Officer Glenn Neville, Officer John Sticca, Officer Lane White, Officer Jeffrey Howell, and Officer George Herr (individually and in their official capacities) (collectively referred to as "Defendants"), by and through undersigned counsel, hereby submit their Answer in response to Plaintiffs' Complaint filed on or about September 4, 2018 [Doc. 1], and admit, deny, and allege, as follows:

## INTRODUCTION

1.      Answering paragraph 1, Defendants deny the allegations set forth therein.

2.      Answering paragraph 2, Defendants deny the allegations set forth therein.

3.      Answering paragraph 3, admit that Plaintiffs purport to seek injunctive relief and damages but deny that they are entitled to either and deny the remaining allegations of paragraph 3.

## JURISDICTION AND VENUE

4.      Answering paragraph 4, Defendants admit that this Court has jurisdiction as to some of the claims asserted.   Defendants deny that Plaintiffs have standing for declaratory and injunctive relief and deny that Plaintiffs are  entitled to the relief they seek.

5.      Answering paragraph 5, Defendants admit that this Court has personal jurisdiction over the Defendants and that venue is proper.

6.      Answering paragraph 6, Defendants admit that this Court has jurisdiction and that venue is proper.  Defendants deny any acts or omissions violative of Plaintiffs' constitutional rights or federal law.

## PARTIES

7.      Answering paragraph 7, Defendants deny the following allegations: that members and supporters of Puente have been chilled from participating in political expressive activities by the Phoenix Police Department's ["PPD"] improper, excessive, and unconstitutional uses of force, that Defendants' actions stopped Puente's message from reaching its intended audience, that PPD's actions on August 22, 2017, were unlawful, and

that Puente's members were violently denied their right to speech and association by the PPD. As to the remaining allegations set forth in paragraph 7, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

8. Answering paragraph 8, Defendants deny the following allegations: that the PPD's use of force was unlawful, improper, excessive, and unconstitutional, and that Defendants' actions stopped Poder's message from reaching its intended audience. As to the remaining allegations set forth in paragraph 8, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

9. Answering paragraph 9, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

10. Answering paragraph 10, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

11. Answering paragraph 11, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

12. Answering paragraph 12, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

13. Answering paragraph 13, Defendants admit only that the City of Phoenix is a municipal corporation, organized and existing under the laws of the State of Arizona, and that the PPD is an agency of the City of Phoenix. Defendants deny the remaining allegations set forth therein.

14. Answering paragraph 14, Defendants admit only that Defendant Jeri L. Williams is the Chief of Police ("Chief Williams") for the City of Phoenix. Defendants deny that Chief Williams failed to establish sufficient guidelines and regulations governing the PPD in the situation presented on August 22, 2017, did not ensure adequate training before the event, did not properly supervise and monitor the actions of PPD personnel during the protest, and ratified the actions of PPD. Chief Williams specifically denies that she violated any of Plaintiffs' constitutional rights or rights existing under federal law. As to the remaining allegations set forth in paragraph 14, Defendants lack knowledge or

3

1    information sufficient to form a belief as to those allegations and, therefore, deny same.

2        15.    Answering paragraph 15, Defendants admit that Defendant Benjamin Moore

3    is a Lieutenant with the PPD ("Lt. Moore") and, on August 22, 2017, was the Field Force

4    Commander.  Defendants deny that the orders Lt. Moore gave for PPD officers to use

5    force were improper, resulted in indiscriminate attacks against hundreds of peaceable

6    protestors, and were without warnings and before any unlawful assembly had been

7    declared.  Defendant Lt. Moore specifically denies that he violated any of Plaintiffs'

8    constitutional rights or rights existing under federal law.  As to the remaining allegations

9    set forth in paragraph 15, Defendants lack knowledge or information sufficient to form a

10   belief as to those allegations and, therefore, deny same.

11       16.    Answering paragraph 16, Defendants admit that Defendant Douglas

12   McBride is a Sergeant with the PPD ("Sgt. McBride") and, on August 22, 2017, Sgt.

13   McBride was assigned as the Grenadier Team Leader.  Further, Defendants admit that

14   according to PPD, grenadiers are "specially trained officers on deployment of chemical

15   munitions."  Defendant Sgt. McBride specifically denies that he violated any of Plaintiffs'

16   constitutional rights or rights existing under federal law.  As to the remaining allegations

17   set forth in paragraph 16, Defendants lack knowledge or information sufficient to form a

18   belief as to those allegations and, therefore, deny same.

19       17.    Answering paragraph 17, Defendants admit that Defendant Robert Scott is

20   an officer with the PPD ("Officer Scott") and was assigned to the PPD's Tactical Response

21   Unit as one of the Grenadiers; and deny that Officer Scott indiscriminately fired on and

22   injured Plaintiffs without warning.  Defendant Officer Scott specifically denies that he

23   violated any of Plaintiffs' constitutional rights or rights existing under federal law.

24       18.    Answering paragraph 18, Defendants admit that Defendant Christopher

25   Turiano is an officer with the PPD ("Officer Turiano") and, on August 22, 2017, Officer

26   Turiano was assigned to the PPD's Tactical Response Unit as one of the Grenadiers.

27   Defendants deny that Officer Turiano indiscriminately shot and injured Plaintiffs without

28   warning. Defendant Officer Turiano specifically denies that he violated any of Plaintiffs'

Manning & Kass
Ellrod, Ramirez, Trester LLP
Attorneys at Law

constitutional rights or rights existing under federal law.

19.     Answering paragraph 19, Defendants admit that Defendant Glenn Neville is an officer with the PPD ("Officer Neville") and, on August 22, 2017, Officer Neville was assigned to the PPD's Tactical Response Unit as one of the Grenadiers.  Defendants deny that Officer Neville indiscriminately shot and injured Plaintiffs without warning. Defendant Glenn Neville specifically denies that he violated any of Plaintiffs' constitutional rights or rights existing under federal law.

20.     Answering paragraph 20, Defendants admit that Defendant John Sticca is an officer with the PPD ("Officer Sticca") and, on August 22, 2017, Officer Sticca was assigned to the PPD's Tactical Response Unit as one of the Grenadiers.  Defendants deny that Officer Sticca indiscriminately shot and injured Plaintiffs without warning.  Defendant Officer Sticca specifically denies that he violated any of Plaintiffs' constitutional rights or rights existing under federal law.

21.     Answering paragraph 21, Defendants admit that Defendant Lane White is an officer with the PPD ("Officer White") and, on August 22, 2017, Officer White was assigned to the PPD's Tactical Response Unit as one of the Grenadiers.  Defendants deny that Officer White indiscriminately shot and injured Plaintiffs without warning. Defendant Officer White specifically denies that he violated any of Plaintiffs' constitutional rights or rights existing under federal law.

22.     Answering paragraph 22, Defendants admit that Defendant Jeffrey Howell is an officer with the PPD ("Officer Howell") and, on August 22, 2017, Officer Howell was assigned to the PPD's Tactical Response Unit as one of the Grenadiers.  Defendants deny that Officer Howell indiscriminately shot and injured Plaintiffs without warning. Defendant Officer Howell specifically denies that he violated any of Plaintiffs' constitutional rights or rights existing under federal law.

23.     Answering paragraph 23, Defendants admit that Defendant George Herr is an officer with the PPD ("Officer Herr") and, on August 22, 2017, Officer Herr was assigned to the PPD's Tactical Response Unit as one of the Grenadiers.  Defendants deny

that Officer Herr indiscriminately shot and injured Plaintiffs without warning. Defendant Officer Herr specifically denies that he violated any of Plaintiffs' constitutional rights or rights existing under federal law.

24.     To the extent that the allegations set forth in paragraph 24 are directed at defendants other than these Answering Defendants, no answer is required and none is given.  To the extent that the allegations are directed to these Answering Defendants, the allegations are denied.[1]

25.     Answering paragraph 25, Defendants deny the allegations set forth therein.

26.     Answering paragraph 26, Defendants admit only that at the time of the events alleged in Plaintiffs' Complaint, Defendants acted within the course and scope of their employment with the City of Phoenix.  Defendants deny that they, any of them, acted in a manner that was unconstitutional, unlawful, improper or unreasonable.

27.     Answering paragraph 27, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

## STATEMENT OF FACTS

28.     Answering paragraph 28, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

29.     Answering paragraph 29, Defendants admit that, on August 16, 2017, President Trump's campaign announced that the President would visit Phoenix on August 22, 2017.  As to the remaining allegations set forth in paragraph 29, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

30.     Answering paragraph 30, Defendants admit that plaintiff Puente was in

---

[1]  Plaintiffs have listed "Doe" Defendants.  The naming of fictitious defendants in a Complaint is improper; the Federal Rules of Civil Procedure do not provide for fictitious defendants.  The "Doe" Defendants should be dismissed.

communication with PPD liaisons in the week prior to and up to the event on August 22, 2017.   As to the remaining allegations set forth in paragraph 30, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

31.   Answering paragraph 31, Defendants admit that plaintiff Puente was in communication with PPD liaisons in the week prior to and up to the event on August 22, 2017.   As to the remaining allegations set forth in paragraph 31, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

32.   Answering paragraph 32, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

33.   Answering paragraph 33, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

34.   Answering paragraph 34, Defendants admit only that PPD officers, including grenadiers, were equipped with pepper balls, smoke canisters, CS canisters, and stun bag shotguns.   Defendants deny that all protesters remained peaceful throughout the day.   As to the remaining allegations set forth in paragraph 34, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

35.   Answering paragraph 35, Defendants admit only that PPD along with several other federal, state, county, and local law enforcement agencies coordinated all safety activities associated with the August 22, 2017 event.   As to the remaining allegations set forth in paragraph 35, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

36.   Answering paragraph 36, Defendants admit only that PPD along with several other federal, state, county, and local law enforcement agencies coordinated all safety activities associated with the August 22, 2017 event.   Defendants deny that PPD made the decision to use the incapacitating weaponry indiscriminately against hundreds of peaceably assembled "protestors without warning".   As to the remaining allegations set forth in

4836-5128-1782.1

paragraph 36, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

37.     Answering paragraph 37, Defendants admit that President Trump arrived at the Convention Center on August 22, 2017 at approximately 6:32 p.m.

38.     Answering paragraph 38, Defendants deny the allegations set forth therein. Defendants affirmatively assert that, at approximately 7:00 p.m., PPD officers observed water bottles being thrown at event attendees from the overflow area southbound across Monroe Street and that, at approximately 7:03 p.m., water bottles were being thrown at PPD officers from the crowd at 2nd Street and Monroe Street.  Defendants further assert that PPD officers were deployed along the south side of Monroe Street along the exit route to position themselves between the two opposing groups.  As to the remaining allegations set forth in paragraph 38, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

39.     Answering paragraph 39, Defendants deny that there was no provocation or dangerous acts by "protesters warranting an increased police presence".  Defendants affirmatively allege that between approximately 7:00 p.m. and 7:03 p.m. PPD officers observed water bottles and other items being thrown from the crowd toward event attendees and at police officers.  Defendants further assert that additional PPD units arrived in response to reports of items being thrown toward event attendees and PPD officers.  As to the remaining allegations set forth in paragraph 39, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

40.     Answering paragraph 40, Defendants deny that there was no precipitating conduct by protesters that preceded officers' movements in unison in a northern direction. Defendants affirmatively allege that between approximately 7:00 p.m. and 7:03 p.m. PPD officers observed water bottles and other items being thrown from the crowd toward event attendees and at police officers.  Defendants further assert that additional PPD units arrived in response to reports of items being thrown toward event attendees and PPD officers.  At approximately 7:15 p.m., PPD officers made announcements to the crowd on Monroe

Street between 2nd Street and 3rd Street not to throw objects. At approximately 7:20 p.m., the PPD utilized its Long Range Acoustic Device or LRAD (a high-volume communication system designed to give clear instructions to large crowds in amplified noise conditions), instructing community members and groups to demonstrate peacefully, not to cross the fence and police lines, and not to throw objects. Two PPD officers issued these warnings on Monroe Street between 1st Street and 5th Street. As to the remaining allegations set forth in paragraph 40, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

41.    Answering paragraph 41, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same. Defendants affirmatively assert that at approximately 8:15 p.m., water bottles were being thrown down from the parking garage located at 2nd Street and Monroe Street, toward officers, that additional PPD officers were dispatched to the garage, and the garage was secured to prevent any further incidents.

42.    Answering paragraph 42, Defendants deny the allegations set forth therein.

43.    Answering paragraph 43, Defendants deny the allegations set forth therein.

44.    Answering paragraph 44, Defendants admit only that, at approximately 8:30 p.m., President Trump and other federal officials began exiting the Convention Center. As to the remaining allegation set forth in paragraph 44, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

45.    Answering paragraph 45, Defendants admit only that, at approximately 8:32 p.m., pepper balls were deployed by PPD officers, as there was an attempt by individuals to use the wood support of signs to topple a section of the pedestrian fence. Defendants deny the remaining allegations set forth in paragraph 45.

46.    Answering paragraph 46, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

47.    Answering paragraph 47, Defendants admit only that at approximately 8:33 p.m., PPD officers deployed pepper balls toward the ground near the pedestrian fence in an

effort to prevent a barrier breach and to maintain public safety.  Further Defendants assert that, at approximately 8:34 p.m., Lt. Moore gave an order to stop the deployment of pepper balls as the crowd behind the pedestrian fence had moved approximately 15 to 20 feet away from the fence.  Defendants deny the remaining allegations set forth in paragraph 47.

48.     Answering paragraph 48, Defendants deny the allegations set forth therein. Defendants affirmatively assert that, at approximately 8:34 p.m., a small gas grenade was thrown at PPD officers from the crowd and an unknown gas, later identified as tear gas, began exhausting from the grenade.  Defendants affirmatively allege that several PPD officers were affected by the gas and were treated through an on-site decontamination process.

49.     Answering paragraph 49, Defendants deny the allegations set forth therein. Defendants allege that, at approximately 8:34 p.m., PPD officers donned gas masks and that, at approximately 8:35 p.m., PPD officers deployed smoke grenades to the area along Monroe Street where individuals were attempting to breach the pedestrian fence. Defendants affirmatively allege that these individuals reached over and through the pedestrian fence, and began kicking and throwing police deployed smoke munitions from Monroe Street back at PPD officers.  Defendants allege that from approximately 8:34 p.m. through 9:31 p.m., the crowd continued to throw and/or kick items at PPD officers, including munitions deployed by the PPD.

50.     Answering paragraph 50, Defendants deny the allegations set forth therein. Defendants allege that at approximately 8:36 p.m., another type of pyrotechnical munition was thrown at PPD officers from the crowd and, in response, PPD officers were ordered to deploy CS canisters in the same location and use pepper balls to drive back aggressive protesters.

51.     Answering paragraph 51, Defendants deny the allegations set forth therein.

52.     Answering paragraph 52, Defendants deny the allegations set forth therein.

53.     Answering paragraph 53, Defendants deny the allegation set forth therein.

54.     Answering paragraph 54, Defendants deny the allegations set forth therein.

55. Answering paragraph 55, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

56. Answering paragraph 56, Defendants deny the allegations set forth therein. Defendants allege that, at approximately 8:34 p.m., an Air Unit was requested to illuminate the area and make announcements; that, at approximately 8:40 p.m., an Air Unit arrived in the downtown area; that, at approximately 8:47 p.m., the Air Unit was requested to make announcements; and that, from approximately 8:52 p.m. through 9:10 p.m., the Air Unit was used to make repeated announcements to disperse and to leave the area. Defendants further allege that, at approximately 8:52 p.m. the crowd was determined to be unlawfully assembled, and the official unlawful assembly announcement was broadcasted via a police public address system from a marked Patrol Chevrolet Tahoe.

57. Answering paragraph 57, Defendants deny the allegations set forth therein. Defendants allege that, at approximately 8:52 p.m., two police lines were formed, one facing east and one facing west, and extended from 2nd Street to just north of Monroe Street. Defendants further allege that, at approximately 8:56 p.m., the police line began marching slowly northward toward Van Buren Street to confront remaining aggressive protesters, and PPD officers deployed OC, pepper balls and tactics to disperse the crowd.

58. Answering paragraph 58, Defendants deny the allegations set forth therein.

59. Answering paragraph 59, Defendants deny the allegations set forth therein.

60. Answering paragraph 60, Defendants admit that pepper balls were deployed by PPD officer grenadiers toward "anyone who aggressively approache[d] the police line…." As for the remaining allegations set forth in paragraph 60, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

61. Answering paragraph 61, Defendants admit only that in a letter to Chief Williams dated August 28, 2017, the City Manager acknowledged that the vast majority of participants on August 22 in both the campaign rally and the protests outside "were peaceful, prepared and civil." Defendants deny the remaining allegations set forth therein.

62.     Answering paragraph 62, Defendants admit only as follows: (a) Officer Scott was a PPD grenadier, (b) Officer Turiano was among the PPD grenadiers working at the rally and protest, (c) Officer Neville was a PPD grenadier on detail to the rally and protest, (d) Officer Sticca was assigned as one of the PPD grenadiers, (e) Officer White was another one of the PPD grenadiers, (f) Officer Howell was a PPD grenadier, and (g) Officer Herr is a PPD grenadier.  Defendants deny the remaining allegations set forth in paragraph 62.

63.     Answering paragraph 63, Defendants admit that there were approximately 882 police officers utilized during the August 22, 2017 event.  Defendants deny the remaining allegations set forth therein.

64.     Answering paragraph 64, Defendants deny the allegations set forth therein.

65.     Answering paragraph 65, Defendants deny the allegations set forth therein.

66.     Answering paragraph 66, Defendants admit one or more representatives of Puente had communicated with the PPD prior to the August 22, 2017 event.  As for the remaining allegations set forth in paragraph 66, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

67.     Answering paragraph 67, Defendants deny the allegations set forth therein.

68.     Answering paragraph 68, Defendants deny the allegations set forth therein.

69.     Answering paragraph 69, Defendants deny the allegations set forth therein.

70.     Answering paragraph 70, Defendants deny the allegations set forth therein.

71.     Answering paragraph 71, Defendants incorporate herein and reassert all prior admissions, denials and factual assertions set forth herein.

72.     Answering paragraph 72, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

73.     Answering paragraph 73, Defendants admit that individuals assembled at the August 22, 2017 event with other individuals but were kept separate from others in order to prevent violence while allowing for the opportunity to exercise free movement and the right to free speech.  Defendants lack knowledge or information sufficient to form a belief

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

as to the remaining allegations set forth therein and, therefore, deny same.

74.     Answering paragraph 74, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

75.     Answering paragraph 75, Defendants admit that, at approximately 5:30 p.m., the doors to the Convention Center were closed due to the facility having reached capacity and due to safety concerns; at that time, about 11,000 individuals ended up inside the Convention Center while another approximate 4,500 individuals in line to enter the Convention Center were required to remain outside. As for the remaining allegations set forth in paragraph 75, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

76.     Answering paragraph 76, Defendants admit only that there were approximately 6,000 individuals gathered outside the Convention Center. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations set forth therein and, therefore, deny same.

77.     Answering paragraph 77, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

78.     Answering paragraph 78, Defendants deny the allegations set forth therein.

79.     Answering paragraph 79 (as it first appears in Plaintiffs' Complaint), Defendants incorporate herein and reassert all prior admissions, denials and factual assertions set forth herein.

80.     Answering paragraph 80 (as it first appears in Plaintiffs' Complaint), Defendants admit only that PPD's "Dignitary Protection Branch of Operations" in cooperation with "federal...law enforcement agencies" planned for and orchestrated the movements of the high-level officials participating in the event inside of the Convention Center and that some PPD officers came to the event in full riot gear armed with reasonable, non-deadly weaponry. The remaining allegations are denied.

81.     Answering paragraph numbered 79 (as it appears for the second time in Plaintiffs' Complaint), Defendants lack knowledge or information sufficient to form a

1  belief as to those allegations and, therefore, deny same.

2      82.    Answering paragraph numbered 80 (as it appears for the second time in

3  Plaintiffs' Complaint), Defendants deny the allegations set forth therein.

4      83.    Answering paragraph 81, Defendants deny the allegations set forth therein.

5      84.    Answering paragraph 82, Defendants deny the allegations set forth therein.

6      85.    Answering paragraph 83, Defendants deny the allegations set forth therein.

7      86.    Answering paragraph 84, Defendants deny the allegations set forth therein.

8      87.    Answering paragraph 85, Defendants deny the allegations set forth therein.

9  **MUNICIPAL LIABILITY**

10     88.    Answering paragraph 86, Defendants incorporate herein and reassert all prior

11 admissions, denials and factual assertions set forth herein.

12     89.    Answering paragraph 87, Defendants deny the allegations set forth therein.

13     90.    Answering paragraph 88, Defendants deny the allegations set forth therein.

14     91.    Answering paragraph 89, Defendants admit only that Defendant Chief

15 Williams made the statements attributed to her in a press conference on August 22, 2017.

16 The remaining allegations are denied.

17     92.    Answering paragraph 90, Defendants admit only that then-Mayor Stanton

18 stood by Chief Williams at the August 22, 2017 press conference.   The remaining

19 allegations are denied.

20     93.    Answering paragraph 91, Defendants admit the allegations set forth therein.

21     94.    Answering paragraph 92, Defendants deny the allegations set forth therein.

22     95.    Answering paragraph 93, Defendants incorporate herein and reassert all prior

23 admissions, denials and factual assertions set forth herein.

24     96.    Answering paragraph 94, Defendants deny the allegations set forth therein.

25     97.    Answering paragraph 95, Defendants admit that the statements attributed to

26 Defendant Chief Williams and referred to therein were contained in a report that followed

27 the August 22, 2017 event.  The remaining allegations are denied.

28

98.     Answering paragraph 96, Defendants admit that the statements attributed to Defendant Chief Williams and the City of Phoenix were stated following the August 22, 2017 incident.

99.     Answering paragraph 97, Defendants admit the allegations set forth therein.

100.    Answering paragraph 98, Defendants deny the allegations set forth therein.

101.    Answering paragraph 99, Defendants incorporate herein and reassert all prior admissions, denials and factual assertions set forth herein.

102.    Answering paragraph 100, Defendants deny the allegations set forth therein.

103.    Answering paragraph 101, Defendants admit that the PPD's policy regarding the use of bean bag munition contains statements as alleged therein.

104.    Answering paragraph 102, Defendants admit the PPD policy on using pepper spray contains statements as alleged therein.

105.    Answering paragraph 103, Defendants deny the allegations set forth therein.

106.    Answering paragraph 104, Defendants deny the allegations set forth therein.

107.    Answering paragraph 105, Defendants deny the allegations set forth therein.

108.    Answering paragraph 106, Defendants deny the allegations set forth therein.

109.    Answering paragraph 107, Defendants deny the allegations set forth therein.

110.    Answering paragraph 108, Defendants deny the allegations set forth therein.

111.    Answering paragraph 109, Defendants deny the allegations set forth therein.

112.    Answering paragraph 110, Defendants deny that the proposed class and subclass definitions are appropriate and that any class should be certified.

113.    Answering paragraph 111, Defendants deny that the proposed class and subclass definitions are appropriate and that any class should be certified.

## CLASS ALLEGATIONS

114.    Answering paragraph 112, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

115.    Answering paragraph 113, Defendants deny the allegations deny the allegations set forth therein.

116.   Answering paragraph 114, Defendants deny the allegations set forth therein.

117.   Answering paragraph 115, Defendants deny the allegations set forth therein.

118.   Answering paragraph 116, Defendants deny the allegations set forth therein.

119.   Answering paragraph 117, Defendants deny the allegations set forth therein.

120.   Answering paragraph 118, Defendants deny the allegations set forth therein.

121.   Answering paragraph 119, Defendants deny the allegations set forth therein.

122.   Answering paragraph 120, Defendants deny the allegations set forth therein.

123.   Answering paragraph 121, Defendants deny the allegations set forth therein.

124.   Answering paragraph 122, Defendants deny the allegations set forth therein.

125.   Answering paragraph 123, Defendants deny the allegations set forth therein.

126.   Answering paragraph 124, Defendants deny the allegations set forth therein.

127.   Answering paragraph 125, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

128.   Answering paragraph 126, deny that class certification is appropriate and that the proposed methods for notice described are appropriate

129.   Answering paragraph 127, Defendants lack knowledge or information sufficient to form a belief as to those allegations and, therefore, deny same.

130.   Answering paragraph 128, Defendants deny the allegations set forth therein.

## FIRST CLAIM FOR RELIEF

## EXCESSIVE FORCE

## (Fourth and Fourteenth Amendments, 42 U.S.C. § 1983)

131.   Answering paragraph 129, Defendants incorporate herein and reassert all prior admissions, denials and factual assertions set forth herein.

132.   Answering paragraph 130, Defendants deny the allegations set forth therein.

133.   Answering paragraph 131, Defendants deny the allegations set forth therein.

134.   Answering paragraph 132, Defendants deny the allegations set forth therein.

135.   Answering paragraph 133, Defendants deny the allegations set forth therein.

**SECOND CLAIM FOR RELIEF**

**FREEDOM OF SPEECH AND ASSOCIATION**

**(First and Fourteenth Amendments, 42 U.S.C. § 1983)**

136.    Answering paragraph 134, Defendants incorporate herein and reassert all prior admissions, denials and factual assertions set forth herein.

137.    Answering paragraph 135, Defendants deny the allegations set forth therein.

138.    Answering paragraph 136, Defendants deny the allegations set forth therein.

139.    Answering paragraph 137, Defendants deny the allegations set forth therein.

**THIRD CLAIM FOR RELIEF**

**DUE PROCESS**

**(Fourteenth Amendments, 42 U.S.C. § 1983)**

140.    Answering paragraph 138, Defendants incorporate herein and reassert all prior admissions, denials and factual assertions set forth herein.

141.    Answering paragraph 139, Defendants deny the allegations set forth therein.

142.    Answering paragraph 140, Defendants deny the allegations set forth therein.

143.    Answering paragraph 141, Defendants deny the allegations set forth therein.

144.    Answering paragraph 142, Defendants deny the allegations set forth therein.

**FOURTH CLAIM FOR RELIEF**

**EQUAL PROTECTION**

**(First and Fourteenth Amendments, 42 U.S.C. § 1983)**

145.    Answering paragraph 143, Defendants incorporate herein and reassert all prior admissions, denials and factual assertions set forth herein.

146.    Answering paragraph 144, Defendants deny the allegations set forth therein.

147.    Answering paragraph 145, Defendants deny the allegations set forth therein.

148.    Answering paragraph 146, Defendants deny the allegations set forth therein.

149.    Answering paragraph 147, Defendants deny the allegations set forth therein.

150.    Answering paragraph 148, Defendants deny the allegations set forth therein.

**AFFIRMATIVE DEFENSES**

1.      Plaintiffs' Complaint fails to state a claim against Defendants.

2.      Neither Defendants' actions nor inactions violated Plaintiffs' constitutional rights or rights existing under federal law.

3.      Plaintiffs lack standing to seek injunctive and declaratory relief.

4.      The Defendants are entitled to qualified immunity.

5.      There can be no vicarious liability on the part of the City of Phoenix.

6.      Defendants are not liable pursuant to the doctrine of assumption of the risk, in that at all times mentioned in the complaint, Plaintiffs knew the risks involved in placing themselves in the position which they then assumed, and voluntarily assumed such risk, including, but not limited to, the risk of personal injury.

7.      Each Plaintiff's alleged injury, if any, and claimed damages were caused, either in whole or in part, by the acts or omissions of other(s) who is/are not party to this action and, as such, fault should be allocated to each such non-party, reducing *pro rata* any recovery to Plaintiffs.

8.      Plaintiffs' claims under the Federal Civil Rights Act are barred because plaintiffs suffered no actual damages and there is no right to recover damages based on the abstract value of constitutional rights.

9.      Plaintiffs' claims under the Federal Civil Rights Act against each individual Defendant are barred because each individual Defendant acted in good faith with an honest and reasonable belief that the actions taken were necessary, reasonable and appropriate. All force used by any individual Defendant was objectively reasonable under the totality of the circumstances.

10.     Plaintiffs' claims under the Federal Civil Rights Act against each individual Defendant are barred because a reasonable police officer could have believed that the acts and conduct were reasonable, justified and appropriate.

11.     Plaintiffs' claims under the Federal Civil Rights Act against each individual Defendant are barred because the conduct did not violate clearly established rights.

12.     Plaintiffs cannot recover punitive damages against a defendant that is a public entity as a matter of law under the Federal Civil Rights Act.

13.     Plaintiffs' claims under the Federal Civil Rights Act against the public entity Defendant, and against the individual Defendants in their official capacities, are barred because the alleged violation of civil rights did not occur pursuant to a government policy, practice or custom.

14.     Plaintiffs' claims under the Federal Civil Rights Act against each individual Defendant are barred because the alleged deprivation of civil rights was not without due process of law.

15.     Plaintiffs' recovery against each individual Defendant is barred, in whole or in part, because any injury or damage suffered by Plaintiffs was caused solely by the wrongful acts and willful resistance to a peace officer in the discharge of his or her duties by Plaintiffs.

16.     Plaintiffs' claims under the Federal Civil Rights Act are barred insofar as the individual Defendants are supervisors who can only be liable for their own misconduct and not for that of their subordinates.

17.     The negligence and/or intentional conduct of a third person or persons was a superseding, intervening cause of Plaintiffs' injuries.

18.     Plaintiffs have failed to mitigate their damages, and said failure to mitigate bars Plaintiffs from recovery in this action.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants request that this matter be dismissed; that Defendants be awarded their costs, including attorneys' fees, incurred herein, and such other relief that this Court deems just and proper.

# **DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:  October 8, 2018

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:*/s/ Gary L. Popham, Jr.*
    Gary L. Popham, Jr.
    Nishan J. Wilde


**OSBORN MALEDON, P.A.**

David B. Rosenbaum
Mary O'Grady
Joshua Whitaker
Phoenix, AZ 85012

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 08, 2018, I electronically transmitted the foregoing document to the Clerk of the U.S. District Court's CM/ECF system for filing and transmittal of a Notice of Electronic filing to the following CM/ECF registrants and copies emailed/mailed to:

Dan Stormer, Esq.
Cindy Panuco, Esq.
HADSELL STORMER & RENICK LLP
128 N. Fair Oaks Avenue
Pasadena, CA 91103
dstormer@hadsellstormer.com
cpanuco@hadsellstormer.com
*Attorneys for Plaintiffs*

Joshua Piovia-Scott, Esq.
HADSELL STORMER & RENICK LLP
4300 Horton Street, #15
Emeryville, CA 94608
jps@hadsellstormer.com
*Co-Counsel for Plaintiffs*

Kathleen E. Brody
Darrell I. Hill
ACLU Foundation of Arizona
3707 North 7th Street, Ste. 235
Phoenix, AZ 85014
kbrody@aclueaz.org
dhill@acluaz.org
*Co-counsel for Plaintiffs*

Daniel J. Pochoda
c/o ACLU Foundation of Arizona
3707 North 7th Street, Ste. 235
Phoenix, AZ 85014
danpoc@cox.net
*Co-counsel for Plaintiffs*

By ___*Kayla M. Young*_____