NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Puente, et al.,<br><br>　　　　　Plaintiff(s),<br><br>v.<br><br>City of Phoenix,<br><br>　　　　　Defendant(s). | No. CV-18-02778-PHX-JJT<br><br>**RULE 16 SCHEDULING ORDER** |

Pursuant to the terms of the Joint Proposed Case Management Plan and the representations made by the parties at the Pretrial Scheduling Conference, all parties shall comply with the deadlines established in this Order.

**IT IS ORDERED** as follows:

The Court will strictly enforce the deadlines set forth in this Rule 16 Scheduling Order. Furthermore, the Court will not grant extensions to the dispositive motion cutoff date due to case processing problems, discovery disputes, or settlement negotiations.

The Federal Rules of Civil Procedure (Fed. R. Civ. P.), as amended January 25, 2017, shall apply to all proceedings concerning this case, except to the extent they are inconsistent with General Order 17-08 (D. Ariz. Apr. 14, 2017) or this Order, in which case the provisions of General Order 17-08 and this Order control.

1. All mandatory initial discovery responses must be made within the deadlines set by General Order 17-08. The parties may not opt out of compliance with the provisions of General Order 17-08.

2. Pursuant to General Order 17-08 at 3 ¶ 7, the parties shall file with the Clerk of the Court a <u>Notice of Service</u> rather than copies of the actual discovery responses and later supplements.

3. Motions to amend the Complaint and to join additional parties shall be filed no later than **1/4/2019**.

4. Disclosure of expert testimony on Class Certification issues by the party with the burden of proof due no later than **1/18/2019**.

5. Motion for Class Certification due no later than **2/15/2019**.

6. Disclosure of rebuttal expert testimony on Class Certification issues due no later than **3/15/2019**.

7. Response to Motion for Class Certification due no later than **3/15/2019**.

8. Reply to Motion for Class Certification due no later than **4/12/2019**.

9. Fact discovery shall be completed by **7/19/2019**.

10. The parties with the burden of proof on an issue shall disclose the identity of all persons whom they may call at trial to present evidence under Rules 702, 703, 704, or 705 of the Federal Rules of Evidence (Fed. R. Evid.) no later than **8/23/2019**. The parties shall disclose the identity of all rebuttal experts no later than **9/13/2019**. These disclosures shall be full and complete as required by Fed. R. Civ. P. 26(a)(2)(A)-(C).

The disclosures of the identities of all persons whom a party may call at trial to present evidence under Fed. R. Evid. 702, 703, 704, or 705 shall also include all of the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert testimony in the case, or (2) is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony. No deposition of any expert witness shall occur before the disclosures concerning expert witnesses mandated by this Order are made. Expert reports disclosed under Fed. R. Civ. P. 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on or before the dates set forth above; absent

truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates.

11. Discovery by interrogatory shall be governed by Fed. R. Civ. P. 33 unless otherwise ordered by the Court. Therefore, there is a limit of twenty-five (25) interrogatories, including discrete subparts.

12. With regard to responses to requests for admission, requests for production, and interrogatories, the Federal Rules of Civil Procedure do not permit "general" or "global" objections. Accordingly, the Court will neither consider nor rule on objections that are not specific to the individual request propounded.

13. Depositions shall be limited as provided by Fed. R. Civ. P. 30 and 31.

14. The parties shall not file written discovery motions without leave of the Court. Except during a deposition, if a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a brief written summary of the dispute, not to exceed one page per side, with an explanation of the position taken by each side; and (2) a joint written certification that counsel or the parties have attempted to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure (LRCiv) 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the filed written summary of the dispute, the Court may set a telephonic conference, order written briefing, or decide the dispute without conference or briefing. Any briefing ordered by the Court shall also comply with LRCiv 7.2(j). If a discovery dispute arises in the course of a deposition and requires an immediate ruling of the Court—a circumstance that should be exceedingly rare—the parties shall jointly contact the Court telephonically. The Court will not entertain discovery disputes after the close of discovery absent truly extraordinary circumstances.

15. All discovery must be completed by **10/4/2019**, including depositions of parties, witnesses and experts; answers to interrogatories; and supplements to

1  interrogatory answers. This deadline does not alter the duties and obligations imposed on
2  the parties by Fed. R. Civ. P. 26(e) and General Order 17-08 at 3 ¶ 8. Each party shall
3  conduct discovery in an expeditious manner so as to <u>complete</u> any and all discovery by
4  the deadline. "Complete" includes the time to propound discovery, the time to answer all
5  propounded discovery, the time for the Court to resolve all discovery disputes, and the
6  time for the parties to conduct any final discovery necessitated by the Court's ruling on
7  any discovery disputes. Thus, the Court will view with disfavor any "last minute" or
8  "eleventh hour" discovery activity that leaves insufficient time to undertake additional
9  discovery and requires an extension of the discovery deadline, and, in such an instance,
10 the Court may deny a requested extension, exclude evidence, or impose other sanctions.

11  16. With regard to the duty to supplement discovery under Fed. R. Civ. P.
12 26(e), the parties must supplement all mandatory initial discovery responses as well as
13 responses to other discovery requests within the 30-days-from-discovery-or-revelation
14 deadline set by General Order 17-08 at 3 ¶ 8.

15  17. The parties must complete all pre-trial disclosures required under
16 Fed. R. Civ. P. 26(a)(3), of all exhibits to be used and all witnesses to be called at trial, on
17 or before **9/16/2019** so that the parties can complete meaningful discovery necessitated
18 by those disclosures before the discovery deadline. This Order supersedes the "30 days
19 before trial" disclosure deadline contained in Fed. R. Civ. P. 26(a)(3). Therefore, (1)
20 failure to timely supplement responses and disclosures made under General Order 17-08
21 and Fed. R. Civ. P. 26(a), including witnesses and exhibits for trial; (2) failure to timely
22 supplement responses to any valid discovery requests; and (3) attempts to include
23 witnesses or exhibits in the Joint Proposed Final Pretrial Order that were not previously
24 disclosed in a timely manner may result in the exclusion of such evidence at trial or the
25 imposition of other sanctions pursuant to Fed. R. Civ. P. 37, the Local Rules of the
26 District Court, and the inherent power of the Court.

27  18. Good faith settlement discussions shall be held no later than **12/13/2019**.

28

19. All dispositive motions, **including *Daubert* motions**,[1] shall be filed no later than **11/1/2019**. A party or parties represented by the same lawyer shall file **no more than one motion for summary judgment** unless leave of Court is obtained.

20. Any party filing a motion for summary judgment, motion for partial summary judgment, or response thereto, shall not file a statement of facts or controverting statement of facts exceeding 10 pages in length. LRCiv 56.1 is clear that parties' statements of fact or controverting fact "should include only those fact on which the party relies" in support of the motion or response.

21. All parties are specifically admonished that pursuant to LRCiv 7.2(i),

> if a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

22. If no dispositive motions are pending before the Court when the dispositive motion deadline has passed, Plaintiff(s) shall file and serve within ten (10) days of the dispositive motion deadline, a Notice of Readiness for a status conference. If a dispositive motion is filed, the Court will schedule a status conference as necessary upon resolution of the motion.

Dated this 13th day of November, 2018.

*[signature]*
Honorable John J. Tuchi
United States District Judge

---

[1] Evidentiary motions made under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).