**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Puente, *et al.*, | No. CV-18-02778-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, *et al.*, | |
| Defendants. | |

At issue is the Joint Motion to Resolve Dispute on Class Notice and to Approve Method and Content of Class Notice (Doc. 223, Mot.). The Court will resolve this matter without oral argument. *See* LRCiv 7.2(f).

In the Joint Motion, the parties inform the Court that they interpret the Court's Order (Doc. 191, Order) resolving Plaintiffs' Amended Motion for Class Certification (Doc. 101) differently, which affects the language of the Class Notice Plaintiffs plan to send to potential class members. The parties agree that the Court certified the injunctive relief class. But Plaintiffs believe the Court certified an overall damages class based on the Phoenix Police Department's "dispersal by use of force, or other unlawful police activity arising from the police response to anti-Trump protestors," whatever that activity may have been, as well as a damages subclass based on the use of gas or other chemical agents. By contrast, with regard to a damages class, Defendants believe the Court certified only the damages subclass based on the Phoenix Police Department's use of gas or other chemical agents.

1    Defendants' interpretation of the Court's Order is correct. In resolving Plaintiffs' Amended Motion for Class Certification, the Court understood the two damages subclasses to be the only two classes of specific conduct for which Plaintiffs sought damages. Indeed, the Court understood the parties' briefs on Plaintiffs' Amended Motion for Class Certification to only specifically identify and analyze damages arising from the conduct described in the two damages subclasses. The Court laid out this understanding throughout its Order, including on pages 5 and 6, by identifying Plaintiffs' proposed damages class and then identifying the only two damages subclasses, and on page 9, by outlining the analysis for each proposed damages subclass only. A principled approach to resolving whether Plaintiffs met the numerosity, commonality, typicality, and predominance requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) was to do so by damages subclass, and it so happens that Plaintiffs succeeded in meeting the requirements in one subclass but not the other. Plaintiffs are correct that the Court did not go back and combine Plaintiffs' damages class definition with the surviving damages subclass definition, but the unusual structure of the surviving damages class definition was entirely a function of how Plaintiffs structured the proposed damages class to begin with.

Importantly, the Court never analyzed numerosity, commonality, typicality, and predominance for an "overall damages class"—that is, for class claims based on conduct not identified in the two damages subclasses—let alone did the Court certify such an overall damages class. To the extent Plaintiffs argue that the Court's analysis for the injunctive relief class supports their interpretation, the Court disagrees. That analysis referred to the Court's prior analysis of numerosity, commonality, typicality, and predominance for the surviving damages subclass. (Order at 15–16.)

The parties do not disagree as to the method of Class Notice, and the Court will approve the parties' proposed method. (Doc. 223-1, Mot. Ex. A.) Under Rule 23(c)(2)(b), the Court will also approve the content of the parties' proposed Class Notice with the Redlines proposed by Defendants incorporated. (Doc. 223-1, Mot. Exs. B, C.)

**IT IS THEREFORE ORDERED** granting the Joint Motion to Resolve Dispute on Class Notice and to Approve Method and Content of Class Notice (Doc. 223).

**IT IS FURTHER ORDERED** approving the method of Class Notice set out in Exhibit A to the Joint Motion.

**IT IS FURTHER ORDERED** approving the content of the Class Notice set out in Exhibits B and C of the Joint Motion with the Redlines proposed by Defendants incorporated.

Dated this 23rd day of March, 2020.

Honorable John J. Tuchi
United States District Judge