**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Puente, *et al.*, | No. CV-18-02778-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, *et al.*, | |
| Defendants. | |

At issue is the admissibility of rebuttal expert testimony provided by Dr. David J. McIntyre on behalf of Defendants. The Court considers Plaintiffs' Motion to Exclude Defendants' "Rebuttal" Expert, David J. McIntyre (Doc. 241, Mot.), Defendants' Opposition (Doc. 283, Opp'n), and Plaintiffs' Reply (Doc. 307, Reply). The Court finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). The Court will grant in part and deny in part Plaintiffs' Motion for the reasons set forth below.

**I.   LEGAL STANDARD**

Only evidence that is relevant to the claims and defenses raised in a lawsuit is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. But a court may exclude even relevant evidence if its probative value is substantially outweighed by a danger of, among other things, "unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.* (*Daubert*), 509 U.S. 579, 589 (1999). The trial court must first assess whether the testimony is valid and whether the reasoning or methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592–93. Factors to consider in this assessment include: whether the methodology can be tested; whether the methodology has been subjected to peer review; whether the methodology has a known or potential rate of error; and whether the methodology has been generally accepted within the relevant professional community. *Id.* at 593–94. "The inquiry envisioned by Rule 702" is "a flexible one." *Id.* at 594. "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate." *Id.*

The *Daubert* analysis is applicable to testimony concerning scientific and non-scientific areas of specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). However, the *Daubert* factors may not apply to testimony that depends on knowledge and experience of the expert, rather than a particular methodology. *U.S. v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (citation omitted) (finding that *Daubert* factors do not apply to police officer's testimony based on 21 years of experience working undercover with gangs). An expert qualified by experience may testify in the form of opinion if his or her experiential knowledge will help the trier of fact to understand evidence or determine a fact in issue, as long as the testimony is based on sufficient data, is the product of reliable principles, and the expert has reliably applied the principles to the facts of the case. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 579.

The advisory committee notes on the 2000 amendments to Rule 702 explain that Rule 702 (as amended in response to *Daubert*) "is not intended to provide an excuse for an automatic challenge to the testimony of every expert." *See Kumho Tire Co.*, 526 U.S. at 152. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citation omitted).

## II. ANALYSIS

The Court first notes that, in a prior Order, the Court concluded that the testimony of Dr. Barvosa—Plaintiffs' social science and neuroscience expert on class-wide harm caused by the Phoenix Police Department's use of force at the August 22, 2017 rally at issue in this case—is admissible to the extent that she testifies regarding a categorical harm based on a neural encoding of fear and that the class could have suffered such a common harm. (Doc. 325 at 6.) But her conclusion that every class member did in fact suffer such harm is not admissible because it is not supported by her principles and methods. (Doc. 325 at 6.)

Defendants have engaged Dr. McIntyre to testify in rebuttal to Dr. Barvosa's testimony. In their Motion to Exclude, Plaintiffs offer three arguments in support of excluding Dr. McIntyre's testimony: (1) the testimony is improper rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D)(ii); (2) the testimony's probative value is outweighed by the risk of confusing the issues and misleading the jury under Federal Rule of Evidence 403; and (3) the testimony is unreliable under *Daubert* and its progeny. The Court will examine each of these arguments in turn.

### A. Rebuttal Evidence

Plaintiffs first point out that Defendants disclosed Dr. McIntyre to provide rebuttal evidence, which Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure specifies as evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Plaintiffs argue that because Dr. McIntyre's testimony addresses whether the class of Plaintiffs suffered psychological or medical harm or trauma, and Dr. Barvosa approaches the class harm principally from a social science and neuroscience perspective, Dr. McIntyre's testimony is not on the same subject as Dr. Barvosa's testimony.

In the Complaint, Plaintiffs allege that they seek "damages to compensate Plaintiffs and the class they represent for the denial of their First Amendment rights on August 22, 2017, and for the physical injuries and emotional harms resulting from the Phoenix Police

Department's excessive use of force." (Doc. 1, Compl. ¶ 3.) In other areas of the Complaint, Plaintiffs principally refer to the harms they allege the class suffered as "injuries." (*E.g.*, Compl. ¶ 117.) Later, in the Amended Motion for Class Certification, Plaintiffs again refer to the class harm as "injury" and cite *Memphis Community School District v. Stachura*, 477 U.S. 299, 310–11 (1986), for the proposition that they may not seek damages premised on the abstract "value" or "importance" of the constitutional rights they allege were violated, but instead must seek damages based on actual, provable injury.

The Court understands Plaintiffs' point that Dr. Barvosa and Dr. McIntyre approach the measure of mental harm the class may have suffered in different ways. But they both address the same subject matter, namely, mental (or "neurological" or "emotional") harm; Plaintiffs proffer Dr. Barvosa to try to prove the class-wide mental injury, and Defendants proffer Dr. McIntyre to try to disprove that injury. The Court thus denies Plaintiffs' request to exclude Dr. McIntyre's testimony on the basis that it is not rebuttal evidence.

**B.     Rule 403**

Plaintiffs next argue that, given the limited relevance of Dr. McIntyre's testimony with regard to rebutting Dr. Barvosa's testimony because the two competing experts approach the injury question from different scientific fields, the Court should exclude Dr. McIntyre's testimony because the risk it will confuse or mislead the jury outweighs its probative value. The Court agrees with Plaintiffs in certain respects. Dr. McIntyre goes too far when he suggests that Dr. Barvosa, as a social scientist and neuroscientist, is not qualified to opine on mental harm the class may have suffered. (*E.g.*, Doc. 241-2, McIntyre Rebuttal Report at 7 ("Professor Barvosa is not qualified" to make her findings. "She is not a medical or psychological provider or researcher.").) The Court, as the gatekeeper, has already concluded that Dr. Barvosa is qualified to offer her opinions as to mental harm. (Doc. 325.)

Likewise, Dr. McIntyre may not suggest that Dr. Barvosa's opinions are not based on reliable methods simply because they are derived in another scientific field. (*E.g.*, McIntyre Rebuttal Report at 7; Doc. 242-3, McIntyre Deposition at 69, 81 (suggesting no

1  reliable method for evaluation of mental harm exists outside of the context of clinical
2  psychological assessments).) Again, the Court, as the gatekeeper, has concluded that
3  Dr. Barvosa has based her opinions on reliable methods. The Court will thus exclude any
4  testimony of Dr. McIntyre that suggests Dr. Barvosa is unqualified to reach the conclusions
5  she made or that they were not based on reliable methods in her scientific field. Put another
6  way, the Court will permit Dr. McIntyre to testify within his own field of expertise but not
7  to suggest that it is the only field of expertise with regard to class-wide mental harm.

      The Court also agrees with Plaintiffs that Dr. McIntyre may not suggest that class-wide damages are not ascertainable as a matter of fact and, by extension, as a matter of law. (*See* Reply at 8–10.) While the Court found in its prior Order (Doc. 325) that Dr. Barvosa's opinion that the entire class actually (as opposed to could have) suffered the same mental harm was not based on her identified principles and methods, the Court did not conclude that Plaintiffs could not demonstrate a class-wide harm—as the Court has stated previously (Doc. 191 at 11–12)—arising "from common proof regarding Defendants' liability." *See, e.g.*, *Aichele v. City of Los Angeles*, 314 F.R.D. 478, 495–96 (C.D. Cal. 2013) (citing *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1086–87 (9th Cir. 2009) (stating a plaintiff in a civil rights case may show compensatory damages through, for example, pain and suffering and humiliation without showing economic loss)); *see also Memphis Cmty. Sch. Dist.*, 477 U.S. at 310–11 (stating compensatory damages are available for violation of constitutional rights and must be based on actual, provable injury). Plaintiffs must show class-wide harm more likely than not occurred—or Defendants may show it more likely than not did not—*in this case*. To the extent Dr. McIntyre suggests that class-wide harm does not exist, that testimony will be excluded.

      **C.**    **Reliability**

      Plaintiffs next argue Dr. McIntyre's opinions are unreliable under Federal Rule of Evidence 702 and *Daubert*. First, Plaintiffs point out that while Defendants complained Dr. Barvosa did not interview the class members in the process of assessing their mental harm, neither did Dr. McIntyre in reaching his conclusion that the class members did not

suffer harm. Indeed, in limiting her testimony, the Court relied in part on the fact that Dr. Barvosa did not interview every class member in reaching her final conclusion—albeit in a different discipline than Dr. McIntyre—that they all suffered the same mental harm by way of a neural encoding of fear. (Doc. 325 at 5–6.) The Court likewise finds that Dr. McIntyre's opinion that *no* class member suffered mental harm is not supported by his own identified principles and methods, which include conducting a clinical evaluation of an individual to make a psychological assessment of harm. (*E.g.*, McIntyre Rep. at 5 (citing Specialty Guidelines for Forensic Psychology).) Dr. McIntyre is thus precluded on reliability grounds from opining that no class member suffered mental harm. At most, Dr. McIntyre can opine that, based on his review of the class members' declarations, he did not see evidence of mental harm. Plaintiffs may cross-examine Dr. McIntyre as to the sufficiency of the facts underpinning any opinion he offers. *See Daubert*, 509 U.S. at 596.

Plaintiffs also argue that Dr. McIntyre improperly evaluates the credibility of the class members by way of the statements they made in their declarations. Dr. McIntyre may certainly not state that the class members committed perjury, as Defendants seem to suggest in their Response brief, because such an assertion would be an impermissible legal conclusion, among other problems. Dr. McIntyre may testify as to whether he was able to rely on class members' declarations solely in the context of forming his expert opinion regarding class-wide mental harm, and not to challenge class members' credibility generally. *See United States v. Candoli*, 870 F.2d 496, 506 (9th Cir. 1989) ("The jury must decide a witness' credibility. An expert witness is not permitted to testify specifically to a witness' credibility or to testify in such a manner as to improperly buttress a witness' credibility." (internal citation omitted)).[1]

---

[1] Plaintiffs also contend that Dr. McIntyre opines on matters beyond his expertise when he states that class members were "not entitled to be in the direct line of sight of the President of the United States" (Mot. at 17), and Defendants agree (Opp'n at 12). The Court here reiterates that no expert witnesses will be permitted to opine on matters beyond their fields of expertise.

For the foregoing reasons, Dr. McIntyre may testify in rebuttal to Dr. Barvosa's testimony, but only within his field of expertise. The Court will otherwise grant Plaintiffs' Motion to Exclude to the extent reflected above.

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiffs' Motion to Exclude Defendants' "Rebuttal" Expert, David J. McIntyre (Doc. 241) as reflected in this Order.

Dated this 31st day of March, 2021.

Honorable John J. Tuchi
United States District Judge