Dan Stormer, Esq. (CA Bar # 101967) (*pro hac vice*)
Shaleen Ameeta Shanbhag (CA Bar # 301047) (*pro hac vice*)
HADSELL STORMER & RENICK LLP
128 N Fair Oaks Avenue
Pasadena, CA 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com
        sshanbhag@hadsellstormer.com

Kathleen E. Brody (AZ Bar No. 026331)
Mitchell Stein Carey Chapman, PLC
One Renaissance Square
2 North Central Avenue, Suite 1450
Phoenix, AZ 85004
Telephone:  (602) 388-8958
Facsimile:  (602)358-0291
Email:  kathy@mscclaw.com

*Attorneys for Plaintiffs*
[Additional counsel cont. on next page]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Puente, an Arizona nonprofit corporation; Poder in Action, an Arizona nonprofit corporation, et al.<br><br>Plaintiffs,<br><br>v.<br><br>City of Phoenix, a municipal corporation, et al.<br><br>Defendants. | No. CV 18-2778-PHX-JJT<br><br>**MOTION TO UNSEAL EXHIBIT 149 TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, DOC 246**<br><br>(Hon. John J. Tuchi) |

| | |
|---|---|
| 1 | Jared G. Keenan (AZ Bar # 027068) |
| | ACLU FOUNDATION OF ARIZONA |
| 2 | 3707 North 7th Street, Suite 235 |
| 3 | Phoenix, AZ 85014 |
| | Telephone: (602) 532-0486 |
| 4 | Email: jkeenan@acluaz.org |
| 5 | Barrett S. Litt (CA Bar # 45527) (*pro hac vice*) |
| | KAYE, MCLANE, BEDNARSKI & LITT, LLP |
| 6 | 975 E. Green Street |
| 7 | Pasadena, CA 91106 |
| | Telephone: (626) 844-7660 |
| 8 | Email: Blitt@kmbllaw.com |
| 9 | |
| | Paul L. Hoffman (CA Bar # 71244) (*pro hac vice*) |
| 10 | John C. Washington (CA Bar # 315991) (*pro hac vice*) |
| | SCHONBRUN DESIMONE SEPLOW HARRIS & |
| 11 | HOFFMAN, LLP |
| 12 | 200 Pier Ave., Ste. 226 |
| | Hermosa Beach, CA 90254 |
| 13 | Email: Jwashington.sshh@gmail.com |
| 14 | hoffpaul@aol.com |
| 15 | Neel Chatterjee (CA Bar # 173985) (*pro hac vice*) |
| | Alexis Coll-Very (CA Bar # 212735) (*pro hac vice*) |
| 16 | Daniel Ray Mello, Jr. (CA Bar # 325714) (*pro hac vice*) |
| 17 | GOODWIN PROCTOR LLP |
| | 601 Marshall Street |
| 18 | Redwood City, CA 94063 |
| 19 | Telephone: (650) 752-3100 |
| | Emails: nchatterjee@goodwinlaw.com |
| 20 | |
| 21 | Sean M. Galvin (NY Bar # 570313) (*pro hac vice*) |
| | GOODWIN PROCTOR LLP |
| 22 | 620 Eighth Avenue |
| | New York, NY 10018 |
| 23 | Emails: seangalvin@goodwinlaw.com |
| 24 | Hong-An Vu (CA Bar #266268) (*pro hac vice*) |
| | Stella Padilla (CA Bar # 301590) |
| 25 | GOODWIN PROCTOR LLP - Los Angeles, CA |
| 26 | 601 S Figueroa St., 41st Fl. |
| | Los Angeles, CA 90017 |
| 27 | Email: HVu@goodwinlaw.com |
| 28 | spadilla@goodwinlaw.com |

Megan D Bettles (CA Bar # 328161) (*pro hac vice*)
GOODWIN PROCTOR LLP - San Francisco, CA
3 Embarcadero Ctr., 28th Fl.
San Francisco, CA 94111
415-733-6000
Fax: 415-390-7975
Email: MBettles@goodwinlaw.com


Cindy Panuco(CA Bar No. 266921)
Joanna Elizabeth Adler (CA Bar # 318306)  (*pro hac vice*)
Nisha Kashyap (CA Bar # 301934) (*pro hac vice*)
Public Counsel
6120 S. Ardmore Avenue
Los Angeles, CA  90005-2322
Emails: cpanuco@publiccounsel.org
        jadler@publiccounsel.org
        nkashyap@publiccounsel.org

*Attorneys for Plaintiffs*

Plaintiffs move for an order unsealing Exhibit 149 to Plaintiffs' Motion for Partial Summary Judgment (Doc. 246), previously filed under seal pursuant to Plaintiffs' Motion to Seal (Doc. 256). Exhibit 149 contains a screenshot of a Facebook post made by Phoenix Police Sergeant Douglas McBride related to a "challenge coin" that Phoenix Police officers produced and distributed in connection with their unconstitutional and violent actions on August 22, 2017. *See* Doc. 246 at 14.

In May 2020, Plaintiffs notified Defendants that they intended to cite to and file Exhibit 149 in support of their Motion for Partial Summary Judgment. Defendants deemed the exhibit "Confidential or Confidential – For Counsel Eyes Only" pursuant to the Protective Order (Doc. 56) because Defendants believed that the exhibit "contain[ed] private personal information" and requested that Plaintiffs file Exhibit 149 under seal. *See* Doc. 256 at 4.

If there were previously any privacy interest that justified filing Exhibit 149 under seal, that interest has dissipated, and there is no longer any sufficiently compelling justification for overriding the strong presumption in favor of public access to Exhibit 149. Specifically, recent public interest in the exhibit's contents as a result of widespread news coverage relating to the challenge coin's hate message, Sergeant McBride's placement on the "Brady" list for providing false testimony to a grand jury, and the City Manager's reporting on a Ballard Spahr LLP investigation into the challenge coin eliminate Defendants' purported good faith reasons for maintaining the exhibit under seal.[1]

I. **BACKGROUND**

At around 8:30 p.m. on Tuesday, August 22, 2017, Sergeant Douglas McBride of the Phoenix Police Department ("PPD") ordered officers to disperse hundreds of peaceful

---

[1] On August 18, 2021, Plaintiffs requested that Defendants provide their positions on this motion. Despite Plaintiffs' multiple attempts to follow up on this request, to date, Defendants have not provided their positions.

protesters by firing hundreds of rounds of chemical and impact munitions into the crowd without notice or warning. Three days later, on August 25, 2017, Sergeant McBride posted an image on his Facebook page related to the protest and PPD's violent actions against the protesters. Exhibit 149 shows Sergeant McBride's Facebook post.

Defendants designated Exhibit 149 "CONFIDENTIAL" pursuant to the Protective Order, which allows that designation if the designating party

> believes in good faith that the information. . . contains confidential information that the party or producing party would not ordinarily disclose, that is not subject to disclosure under applicable public records laws, and that should be protected from disclosure pursuant to this Order and any controlling federal or state statutory or case law; controlling state law; controlling judicial or administrative order; Federal Rule of Civil Procedure; or Local Rule for the District Court for the District of Arizona.

Doc. 56 at 3.[2]

Plaintiffs filed Exhibit 149 under seal, citing Defendants' reason for sealing. *See generally* Doc. 256. Since then, there has been an explosion in public interest concerning the challenge coin, which is the subject of Exhibit 149. For example, in early 2021, ABC15 reported:

> After shooting a protester in the groin, a special team of Phoenix Police officers celebrated the shot with commemorative coins to sell and share. The "challenge coins" clearly depict the man being shot on the front and have the date of the protest on the back, according to images and photos obtained by ABC15. . . . The coins also have the following two phrases: "GOOD NIGHT LEFT NUT" and "MAKE AMERICA GREAT AGAIN ONE NUT AT A TIME."[3]

The phrase "GOOD NIGHT LEFT NUT" received widespread public attention due, at

---

[2] Plaintiffs do not believe there is now or ever was a good-faith basis to designate Exhibit 149 "CONFIDENTIAL – FOR COUNSEL EYES ONLY" under the Protective Order. *See* Doc. 56 at 3.

[3] Dave Biscobing, *Phoenix Police Officers' Trophy Celebrates Shooting Man In Groin During Protests*, ABC15 (Feb. 5, 2021, 9:45 PM), https://www.abc15.com/news/local-news/investigations/protest-arrests/phoenix-police-department-trophy-celebrates-shooting-man-in-groin-during-protests.

-5-

least in part, to its similarity to the neo-Nazi slogan "Good Night, Left Side," a phrase that is used to demonstrate readiness to commit violence against the political "left."[4] Additionally, KJZZ News reported that Phoenix public officials condemned the PPD's challenge coin for being a "hate message."[5]

Then, on June 8, 2021, Sergeant McBride was added to the "Brady" list—which tracks officers with histories of dishonesty, criminal actions, bias, and integrity concerns—because he colluded with prosecutors in a criminal case against a protester to present a grand jury with false information regarding a non-existent gang. This designation led to an increased public interest in Sergeant McBride and his involvement with the challenge coin.[6]

On August 12, 2021, the Phoenix City Manager issued a report summarizing Ballard Spahr LLP's findings that resulted from an in-depth investigation into the challenge coin. *See* City of Phoenix Challenge Coin Summary Report (Aug. 12, 2021) at 1.[7] The report made a number of findings, including that the phrase "GOOD NIGHT LEFT NUT" has ties to hate speech, PPD officers understood "MAKING AMERICA GREAT AGAIN" was partisan political speech relating to former President Trump's campaign, and the coin contained a "disrespectful image of a protester being shot in the

---

[4] Vaughan Jones, *Phoenix Police 'Challenge Coins' Depict Violent Act From 2017 Protest*, KJZZ News (Feb. 7, 2021, 1:43 PM), https://kjzz.org/content/1657148/phoenix-police-challenge-coins-depict-violent-act-2017-protest; Ofer Aderet, *Right-Wing Demonstrators in Tel Aviv Wore Neo-Nazi Shirts*, HAARETZ (Jul. 15, 2014), https://www.haaretz.com/.premium-israeli-rightists-wear-neo-nazi-garb-1.5255569.
[5] Ron Dungan, *Phoenix City Officials Condemn Police 'Challenge Coin' Issued In Wake Of Protest*, KJZZ News (Feb. 9, 2021, 9:05 AM), https://kjzz.org/content/1657506/phoenix-city-officials-condemn-police-challenge-coin-issued-wake-protest.
[6] Dave Biscobing, *Phoenix PD Protest Team Leader Placed on 'Brady' List*, ABC15 (Jun. 18, 2021, 6:26 PM), https://www.abc15.com/news/local-news/investigations/protest-arrests/phoenix-pd-protest-team-leader-placed-on-brady-list.
[7] Publicly accessible at https://www.phoenix.gov/citymanagersite/Documents/Challenge-Coin-Summary-Report-08-12-2021.pdf.

groin by a Phoenix police officer." *Id*. at 2. Exhibit 149 was specifically called-out in the report and Sergeant McBride made comments specifically describing the contents of the exhibit. *Id*. at 9-10, 15. The report further details PPD's involvement in the creation, circulation, and failure to investigate the challenge coin. *Id*. at 34-35.

Given recent public interest in the contents of Exhibit 149, Plaintiffs do not believe that there are any compelling justifications for denying the public access to Exhibit 149. Plaintiffs now move this Court to unseal Exhibit 149 and make it available to the public.

## II.     **LEGAL STANDARD**

A change in public interest can necessitate that a Court unseal documents previously filed under seal. *See Hunton v. Am. Zurich Ins. Co.*, No. CV-16-00539-PHX-DLR, 2018 WL 6329392, at *4–5 (D. Ariz. Dec. 4, 2018) (finding that, regardless of the parties' stipulation and a prior court order to the contrary, "compelling reasons do not justify maintaining confidentiality now" because "the public is, in fact, interested in understanding this case" and the documents at issue were "important for the public to fully understand the trial.").

Courts apply a balancing test, beginning "with a strong presumption in favor of access to court records, so a party seeking to seal a judicial record must overcome a strong presumption in favor of access." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Getzen v. Winnies*, No. CV-2001748-PHX-SRB (DMF), 2020 WL 8116188, at *8 (D. Ariz. Dec. 17, 2020), *appeal dismissed,* No. 21-15072, 2021 WL 1511665 (9th Cir. Feb. 17, 2021) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)) (articulating the public right to inspect judicial documents and records). To achieve this, a party seeking to seal must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the

-7-

public policies favoring disclosure." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d. 1122, 1135 (9th Cir. 2003).

The "compelling reasons" standard imposes a substantial burden. *See Kamakana*, 447 F.3d at 1178 (quoting *Foltz*, 331 F.3d. 1135). A protective order, which is obtained "without making a particularized showing of good cause with respect to any individual document," does not entitle a party "to hold these records under seal forever." *Jimenez v. Progressive Cas. Ins. Co.*, No. CV-15-01187-PHX-ROS, 2019 WL 4885940, at *2 (D. Ariz. Oct. 3, 2019) (citing *Foltz*, 331 F.3d at 1138).

### III. ARGUMENT

This Court should unseal Exhibit 149 given recent public interest in the challenge coin and Sergeant McBride. Defendants' sole basis for maintaining the exhibit under seal is their belief that Exhibit 149 "contains private personal information," which Defendants claimed is sealable pursuant to the Protective Order. If that were ever the case, it is no longer true.

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure exist when court records might 'become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. 589, 598). But "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*.

Defendants bear a substantial burden to override the strong public interest in accessing Exhibit 149. Since May 2020—when Exhibit 149 was filed under seal—ABC15 and KJZZ have reported on the challenge coin's appearance, posted photographs of the coin that match those in Exhibit 149, and commented on the phrase "GOOD NIGHT LEFT NUT" and its resemblance to neo-Nazi phrase "Good Night, Left Side." KJZZ reported that Phoenix public officials expressly condemned the PPD challenge coin

as a "hate message." Now, the Phoenix City Manager has published an investigation that makes specific findings about the challenge coin, explicitly discusses Exhibit 149, and provides information from Sergeant McBride about the exhibit.

Defendants sole reason to prevent Exhibit 149 from public disclosure is that it "contains private personal information." This is not a compelling reason sufficient to outweigh public policy favoring disclosure. Defendants cannot show how Exhibit 149 relates to any of the compelling reasons articulated in *Kamakana* or other caselaw.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs request that the Court unseal Exhibit 149.

RESPECTFULLY SUBMITTED this 3rd day of September, 2021.

      */s/ Kathleen E. Brody*
Kathleen E. Brody
**MITCHELL STEIN CAREY CHAPMAN, PC**
One Renaissance Square
2 North Central Avenue, Suite 1450
Phoenix, AZ 85004
Telephone: (602) 388-8958
Email: kathy@mscclaw.com

Alexis Coll-Very (*pro hac vice*)
Neel Chatterjee (*pro hac vice*)
Daniel R. Mello, Jr. (*pro hac vice*)
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Telephone: (650) 752-3100
Emails: acollvery@goodwinlaw.com
        nchatterjee@goodwinlaw.com
        dmello@goodwinlaw.com

Hong-An Vu (*pro hac vice*)
Stella Padilla (*pro hac vice*)
**GOODWIN PROCTER LLP**
601 S. Figueroa Street
Floor 41

Los Angeles, CA 90017
Telephone: (213) 426-2500
Email: hvu@goodwinlaw.com
      spadilla@goodwinlaw.com

Megan Bettles (CA Bar No. 328161) (*pro hac vice*)
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, CA 94111-4003
Telephone: (415) 733-6000
Email: mbettles@goodwinlaw.com

Sean M. Galvin (*pro hac vice*)
**GOODWIN PROCTER LLP**
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Email: seangalvin@goodwinlaw.com

Dan Stormer, Esq. (*pro hac vice*)
Shaleen Ameeta Shanbhag (*pro hac vice*)
**HADSELL STORMER & RENICK LLP**
128 North Fair Oaks Avenue
Pasadena, CA 91103
Telephone: (626) 585-9600
Email: dstormer@hadsellstormer.com
      sshanbhag@hadsellstormer.com

Jared Keenan
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 532-0486
Email: jkeenan@acluaz.org

Barrett S. Litt (*pro hac vice*)
**KAYE, MCLANE, BEDNARSKI & LITT, LLP**
975 E. Green Street
Pasadena, CA 91106
Telephone: (626) 844-7660
Email: Blitt@kmbllaw.com

Paul Hoffman (*pro hac vice*)

John Washington (*pro hac vice*)
**SCHONBRUN SEPLOW HARRIS &**
**HOFFMAN LLP**
200 Pier Avenue, Suite 226
Hermosa Beach, CA 90254
Emails: hoffpaul@aol.com
 jwashington@sshhlaw.com

Cindy Pánuco, Esq. (*pro hac vice*)
Nisha Kashyap, Esq. (*pro hac vice*)
Joanna Adler, Esq. (*pro hac vice*)
**PUBLIC COUNSEL**
610 S. Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
Emails: cpanuco@publiccounsel.org
 nkashyap@publiccounsel.org
   jadler@publiccounsel.org

***Attorneys for Plaintiffs***

# **CERTIFICATE OF SERVICE**

I certify that on September 3, 2021, I electronically transmitted a PDF version of the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

*/s/ Kathleen E. Brody*